IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**NORBERT STURDEVANT,**

      **Plaintiff,**

v.                                    CIVIL NO. 1:09CV115
                                           (Judge Keeley)

**ERIC HOLDER and the**
**FEDERAL BUREAU OF PRISONS,**

      **Defendants.**

**ORDER ADOPTING THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR**
**IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],**
**AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

**I. INTRODUCTION**

On August 7, 2009, the pro se plaintiff, Norbert Sturdevant ("Sturdevant"), a federal inmate at the Gilmer Federal Correctional Institution ("FCI-Gilmer"), filed a civil rights complaint seeking injunctive and mandamus relief. In his complaint, he alleged that the defendants had violated his rights under the United States Constitution and federal laws by failing to protect his religious rights as an enrolled member of the Menominee Indian Tribe. (dkt. no. 1).

After Sturdevant was sentenced in the United States District Court for the Eastern District of Wisconsin, Green Bay Division, he arrived at FCI-Gilmer in October 2008. Following his arrival, Sturdevant filed grievances requesting that weekly sweat lodge

**STURDEVANT V. HOLDER, ET AL.** 1:09CV115

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

ceremonies, pipe ceremonies, and yearly pow-wow feasts at FCI-Gilmer be held in a secluded area. In connection with these requests, Sturdevant proceeded through the grievance process of the Bureau of Prisons ("BOP") and exhausted his administrative remedies.

The Court referred this civil action to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), for initial screening pursuant to Local Rule of Prisoner Litigation 72.01(d)(2). After Magistrate Judge Kaull directed the defendants to file an answer, in lieu of an answer, on November 6, 2009, the defendants filed a Motion to Dismiss, or, in the Alternative, a Motion for Summary Judgment. (dkt. nos. 19,20). Sturdevant filed a response on December 4, 2009. (dkt. no. 28). On January 11, 2010, Magistrate Judge Kaull issued a report and recommendation ("R&R"), recommending that Sturdevant's complaint be dismissed with prejudice because, as a claim brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), it failed as a matter of law. (dkt. no. 29). He also recommended that Sturdevant's requests for injunctive and mandamus relief be dismissed with prejudice because neither is an

**STURDEVANT V. HOLDER, ET AL.                              1:09CV115**

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

appropriate remedy. On January 15, 2010, Sturdevant filed timely objections to Magistrate Judge Kaull's R&R. (dkt. no. 31).

## II. MAGISTRATE JUDGE KAULL'S REPORT AND RECOMMENDATION

A cause of action under <u>Bivens</u> provides "an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights." <u>Yokum v. Frank</u>, 937 F.2d 604 (table case), 1991 WL 118008, at *2 (4th Cir. 1991). As noted the R&R construed Sturdevant's complaint as a suit under <u>Bivens</u> and as a request for injunctive and mandamus relief. In so construing Sturdevant's claims, the R&R concluded that neither the Federal Bureau of Prisons ("BOP") nor Attorney General Eric Holder ("Attorney General") was a proper defendant under <u>Bivens</u>. It further concluded that, because Sturdevant cannot establish any of the necessary elements to pursue an injunction or mandamus relief, he is not entitled to pursue such extraordinary remedies.

## III. STURDEVANT'S OBJECTIONS

Sturdevant's objections assert that the R&R fails to adequately address his grounds for relief, including his claims under the United States Constitution, the American Indian Religious

**STURDEVANT V. HOLDER, ET AL.** 1:09CV115

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

Freedom Act ("AIRFA"), 42 U.S.C. § 1996 (2010), the Native American Languages Act ("NALA"), 25 U.S.C. § 2901 (2010), the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1 (2010), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 (2010). Sturdevant also objects that the R&R failed to give consideration to him as a Native American Indian. Aside from these objections, however, Sturdevant offers no further support for his remaining claims or challenges to the legal reasoning of the R&R.

## IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**STURDEVANT V. HOLDER, ET AL.                                    1:09CV115**

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

### V. DISCUSSION

#### A. Constitutional Claims

Sturdevant does not object to the construction of his complaint under Bivens, nor does he object to the analysis in the R&R regarding the defendants' lack of liability under Bivens. After careful review, the Court concludes that the R&R correctly construed Sturdevant's constitutional claims seeking protection of his religious rights as arising under Bivens, and that Sturdevant may only pursue such claims through that cause of action. Moreover, under Bivens, Sturdevant may only pursue claims against individuals acting under color of federal law for their own constitutional violations. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); see also Trulock v. Freech, 275 F.3d 391, 402 (4th Cir. 2001). Because he sued the BOP and the Attorney General, Sturdevant has not named a proper defendant under Bivens.

#### B. Statutory Claims

Sturdevant's substantive objection to the R&R is that it failed to adequately consider the law he cited in his complaint, which may afford him the relief he seeks. Although his complaint listed several statutes that he claimed provide him with a remedy,

5

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

Sturdevant has never detailed how the actions of the defendants violated any of these specific statutory authorities.

### 1. American Indian Religious Freedom Act (AIRFA)

Sturdevant requests protection under several sections of the AIRFA. The AIRFA, however, does not create a cause of action or any judicially enforceable right. See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 455 (1988). Sturdevant, therefore, has no cause of action arising under this Act.

### 2. The Native American Languages Act (NALA)

Sturdevant also claims that he is entitled to protection under the NALA, and asks the Court "to make mandatory full protection of the laws for Native American Indians enacted for their benefit which includes those findings under 25 U.S.C. § 2901." (dkt. no. 1). The NALA, however, does not create a private cause of action. Under its clear language, its purpose was to establish as a policy of the United States the importance of preserving, protecting, and promoting Native American languages. See 25 U.S.C. § 2903. This statute, therefore, does not afford Sturdevant any privately enforceable rights of protection.

**STURDEVANT V. HOLDER, ET AL.** 1:09CV115

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

### 3. Religious Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act (RFRA and RLUIPA)

Sturdevant also claims relief under the RFRA and the RLUIPA,[1] both of which prohibit any government from "substantially burdening" a person's exercise of religion unless it can be proven that the burden was in furtherance of a compelling governmental interest and by the least restrictive means possible. 42 U.S.C. §§ 2000bb-1, 2000cc-1. When applying the compelling governmental interest standard, courts must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Lovelace v. Lee, 472 F.3d 174, 190 (4th Cir. 2006) (internal quotation marks omitted)(citing Cutter v. Wilkinson, 544 U.S. 709, 723(2005)).

---

[1] The RLUIPA applies to state governments or those agencies acting under the authority of a state government, 42 U.S.C. 2000cc-5. Because Sturdevant is a federal inmate, in federal custody, the application of this Act is not proper here. The federal government, however, is bound by the RFRA. See Madison v. Riter, 355 F.3d 310, 315 (4th Cir. 2003).

**STURDEVANT V. HOLDER, ET AL.**                                1:09CV115

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

When analyzing a claim under the RFRA, a court's threshold inquiry is whether the government action in question "substantially burdens" a person's religious practice. 42 U.S.C. § 2000bb-1. In a parallel analysis under the RLUIPA, the Fourth Circuit found that a substantial burden occurs when a government, "through act or omission, puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Lovelace, 472 at 187 (internal quotations omitted)(citing Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)).

Sturdevant's allegations do not present circumstances that substantially burden the free exercise of his religious rights. On the contrary, although federal inmates are generally prohibited from possessing some items, such as tobacco, that are significant to Sturdevant's religious practices, as an accommodation to his religious beliefs, the BOP affords Sturdevant the opportunity to participate in weekly sweat lodge and pipe ceremonies during which he and other adherents to his faith are permitted to smoke tobacco. (dkt. no. 20-1).

In seeming contradiction to his complaint's allegations, Sturdevant has only participated in these weekly ceremonies on two

**STURDEVANT V. HOLDER, ET AL.**                                    **1:09CV115**

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

occasions since his arrival at FCI-Gilmer in October 2008. (dkt. no. 20-1). Although Sturdevant objects to the open and visible nature of the sweat lodge, mere inconvenience to religious practices is not enough to violate the RFRA. See Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987). Sturdevant, therefore, fails to plead that FCI-Gilmer's policies have substantially burdened his religious practices because he is given reasonable opportunities to engage in activities that are apparently fundamental to his religious beliefs. The Court therefore concludes that neither the policies of the BOP nor the Attorney General have substantially burdened the free exercise of Sturdevant's religion. It therefore **DISMISSES** Sturdevant's claims under the RFRA.

## VI. CONCLUSION

The R&R correctly concluded that Sturdevant's claims under Bivens fail as a matter of law. Notably, Sturdevant has not challenged the R&R's reasoning under Bivens, but only the purported lack of analysis given to the other statutory authorities cited in his complaint. Because the Court has determined that Sturdevant's claims are properly construed under Bivens and do not otherwise state a claim under the RFRA, it **ADOPTS** the R&R in its entirety

**STURDEVANT V. HOLDER, ET AL.** 1:09CV115

**ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 29], GRANTING DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 19],
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT [DKT. NO. 1]**

(dkt. no. 29), and **DISMISSES WITH PREJUDICE** Sturdevant's complaint. (dkt no. 1).

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of it and this order to the pro se petitioner and the attorney of record certified mail, return receipt requested.

DATED: August 10, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE